## SIEBERT CYLINDER OIL-CUP COMPANY v. BEGGS.

*(Circuit Court, S. D. New York.   November 9, 1887.)*

1. PATENTS FOR INVENTIONS—ASSIGNMENT—RIGHT TO SUE FOR INFRINGEMENT.
    Where it is apparent from the terms of the assignment that the intention of the patentee is to transfer thereby all his rights under the patent, the whole legal title is in the assignee, and he may sue for infringement in his own name; the fact that the transfer took the form of an assignment, rather than that of a license, in order that the transferee might sue in his own name, is immaterial.   Following *Siebert Co.* v. *Phillips Co.*, 10 Fed. Rep. 677.

2. JUDGMENT—EFFECT OF DECISION—SUGGESTION OF COLLUSION.
    The force of a decision of the circuit court construing an instrument assigning a patent is not to be done away with on the ground that the suit in which the decision was rendered was a collusive one, where the only proof as to collusion is an affidavit on information and belief, in which no further sources of information or grounds of belief are set forth than a clipping from a distant newspaper.

3. PATENTS FOR INVENTIONS—ASSIGNMENT—CONSTRUCTION.
    *Siebert Co.* v. *Phillips Co.*, 10 Fed. Rep. 677, construing the assignment of letters patent No. 138,243, issued to John Gates for improvements in lubricators for steam-engines, is not overruled by *Wilson* v. *Chickering*, 14 Fed. Rep. 917.

In Equity.   On motion for preliminary injunction.

*Wetmore & Jenner*, for complainant.

*Wells W. Leggett*, for defendant.

LACOMBE, J.   This is an application for a preliminary injunction to restrain the defendant from infringing letters patent No. 138,243, issued to John Gates for certain improvements in lubricators for steam-engines. It is opposed solely on the ground that complainant has no such right and title as will authorize him to sue in his own name.   The patent has been adjudicated upon, and the very question now raised answered in *Siebert Co.* v. *Phillips Co.*, 10 Fed. Rep. 677.   In that case Judge LOWELL, construing the evidence of plaintiff's title, uses this language:

"The assignment to the plaintiff was made an assignment, rather than a license, in order that they might sue in their own names—so the contracts recite; but there is no legal objection to this: the motive is not material, and, the whole legal title being in the plaintiffs, they may maintain suit without joining the patentee."

This decision, based on the same facts as those here presented, should ordinarily be controlling.   Defendant, however, seeks to avoid that result by contending—*First*, that the former suit was a collusive one; and, *second*, that the instruments were not carefully considered, and that the learned judge was in error as to their effect, as is indicated in a later decision of his in *Wilson* v. *Chickering*, 14 Fed. Rep. 917.

The first contention is wholly unsupported by proof.   The only affidavit submitted is one on information and belief, in which the affiant sets forth neither the sources of his information nor the grounds of his belief, except by affixing to his affidavit a clipping from a western newspaper.   It need not, therefore, be considered.

There is nothing in the later decision of Judge LOWELL inconsistent with the views expressed by him in the case reported in 10 Fed. Rep. In *Wilson* v. *Chickering*, the patentee "licensed and empowered plaintiff to manufacture for the term of ten years, * * * and to sell the same; but in case of plaintiff's bankruptcy, the license shall end." In the present suit, the conveyance under which plaintiff claims title, so far as the granting part is concerned, is in the following words:

"The party of the first part has sold, assigned, and transferred, and by these presents does sell, assign, and transfer, to the party of the second part, all his right, title, and interest in and to the said improvements as secured to him by letters patent aforesaid, for, to, and in all parts of the United States and territories lying east of the Rocky Mountains; * * * the same to be held and enjoyed by the said party of the second part within and throughout the above-specified territory, but not elsewhere, for his own use and behoof, to the end of the term for which said letters patent were granted."

The interpretation of patent conveyances, like that of all other written instruments, is to be according to the intent of the parties as evidenced by the words used. No particular form is required, although there must be some operative words expressing at least an intent to assign in order to constitute an assignment. *Campbell* v. *James*, 18 Blatchf. 107, 2 Fed. Rep. 338.

It seems clear from an examination of the facts in the two cases before Judge LOWELL that in the piano case the intention was to reserve to the grantor everything except the right to manufacture and sell for a term of 10 years, while in the oil-cup case the grantor intended to transfer all that he had, except, perhaps, the right to an extension. There seems no reason, therefore, why the decision of Judge LOWELL construing the very instruments now before the court should not be followed on this application for a preliminary injunction, and the plaintiff's motion is therefore granted.